**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RLP-FERRELL STREET, LLC, a Nevada series limited liability company of the container RED LIZARD PRODUCTIONS LLC under NRS § 86.296,<br><br>            Plaintiff,<br><br>    v.<br><br>FRANKLIN AMERICAN MORTGAGE COMPANY, a Tennessee corporation; WELLS FARGO BANK N.A., a national association; MTC FINANCIAL INC. dba TRUSTEE CORPS, a California corporation; TREASURES LANDSCAPE MAINTENANCE ASSOCIATION, a Nevada domestic non-profit coop corporation; THE CITY OF NORTH LAS VEGAS, an Incorporated City of Nevada; EDUARDO E. DE GUZMAN and EVELYN F. DE GUZMAN, married husband and wife, individuals; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>            Defendants. | 2:13-cv-1470-RCJ-GWF<br><br>**ORDER** |

Currently before the Court are Defendant MTC Financial Inc. dba Trustee Corps' Motion to Dismiss with Prejudice the Plaintiff's Complaint (#6), Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss with Prejudice the Plaintiff's Complaint (#9), Defendant Wells Fargo Bank, N.A.'s Motion to Expunge Lis Pendens (#10), and Wells Fargo Bank, N.A.'s Request for Decision or Hearing on Motion to Dismiss Complaint and Motion to Expunge Lis Pendens (#19).

**BACKGROUND**

**I.**    **Foreclosure Facts**

Eduardo E. De Guzman and Evelyn F. De Guzman, husband and wife, executed a note

secured by a deed of trust on a piece of property located at 5234 Ferrell Street, Las Vegas, Nevada, which was recorded in Clark County on August 30, 2005.  (Deed of Trust (#11-2) at 2, 4).  The mortgage, dated August 24, 2005, was for $168,593.  (*Id.* at 3).  The lender on the deed of trust was Franklin American Mortgage Company.  (*Id.* at 2).  The trustee on the deed of trust was Scott Valby.  (*Id.*).  The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument.  (*Id.* at 2-3).

On August 5, 2011, MERS, as nominee for Franklin American Mortgage Company, executed a corporate assignment of the deed of trust and assigned, granted, and conveyed the beneficial interest in the deed of trust to Wells Fargo Bank, N.A.  (Corporate Assignment of Deed of Trust (#11-3) at 2-3).

On December 28, 2011, Nevada Association Services, Inc., as agent for Treasures Landscape Maintenance Association, recorded a notice of delinquent assessment lien against the Ferrell Street property.  (Notice of Delinquent Assessment Lien (#11-4) at 2).  On February 23, 2012, Nevada Association Services, Inc. recorded a notice of default and election to sell under the homeowners' association ("HOA") lien.  (Notice of Default (#11-5) at 2-3).

On June 26, 2012, Wells Fargo Bank, N.A. executed a substitution of trustee and replaced MTC Financial Inc. dba Trustee Corps as the trustee for Scott Valby.  (Substitution of Trustee (#11-6) at 3).  On August 3, 2012, Wells Fargo Bank, N.A. executed another substitution of trustee which replaced MTC Financial Inc. dba Trustee Corps as the trustee for Scott Valby.  (Second Substitution of Trustee (#11-7) at 3).

On September 7, 2012, Nevada Association Services, Inc. recorded a notice of foreclosure sale scheduled for October 5, 2012.  (Notice of Foreclosure Sale (#11-8) at 2-3). On October 11, 2012, Nevada Association Services, Inc. recorded a foreclosure deed which stated that it had "complied with all requirements of law including, but not limited to, the elapsing of 90 days, mailing of copies of Notice of Delinquent Assessment and Notice of Default and the posting and publication of the Notice of Sale."  (Foreclosure Deed (#11-9) at 2).  The foreclosure deed stated that Nevada Association Services, Inc., as agent for

Treasures Landscape Maintenance Association, sold the property at a public auction on October 5, 2012 to the highest bidder, Shane Anderson, at $3,532.00 which satisfied the obligations of the delinquent assessment lien. (*Id.*).

On November 1, 2012, Trustee Corps recorded a notice of breach and default and election to sell under the deed of trust. (Notice of Default (#11-10) at 2-3). The notice of default described the breach as failure to pay installment payments of principal and interest "which became due on April 1, 2011 and all subsequent installments of principal and interest, along with late charges, plus foreclosure costs and legal fees." (*Id.* at 2).

On March 8, 2013, Trustee Corps recorded a notice of trustee's sale. (Notice of Trustee's Sale (#11-11) at 2). On March 15, 2013, Wells Fargo Bank, N.A. executed a corporate assignment of the deed of trust and assigned, granted, and conveyed all beneficial interest in the deed of trust to the Federal Home Loan Mortgage Corporation. (Corporate Assignment of Deed of Trust (#11-12) at 3-4). On July 17, 2013, Trustee Corps recorded a trustee's deed upon sale which stated that the grantee, Federal Home Loan Mortgage Corporation, was the foreclosing beneficiary. (Trustee's Deed Upon (#11-13) at 2-3). The Federal Home Loan Mortgage Corporation paid $110,398 for the property at the trustee's sale. (*Id.*).

On April 8, 2013, Shane Anderson recorded a grant, bargain, sale deed stating that he had granted, bargained, sold, and conveyed the Ferrell Street property to RLP-Ferrell Street, LLC a series of Red Lizard Productions, LLC. (Grant Deed (#11-14) at 2-3).

**II. Complaint**

In August 2013, Defendant MTC Financial Inc. dba Trustee Corps ("Trustee Corps") filed a petition for removal and attached the underlying complaint which had been filed in Clark County. (Pet. for Removal (#1); Compl. (#1-1) at 4). In the petition for removal, Trustee Corps asserted that this Court had diversity jurisdiction because Defendants Treasures Landscape Maintenance Association, the City of North Las Vegas, Eduardo E. De Guzman, and Evelyn F. De Guzman were sham defendants who had been fraudulently joined. (Pet. for Removal (#1) at 3-4).

In the complaint, Plaintiff RLP-Ferrell Street, LLC ("Plaintiff") sued Defendants Franklin American Mortgage Company, Wells Fargo Bank, N.A., Trustee Corps, Treasures Landscape Maintenance Association, the City of North Las Vegas, Eduardo E. De Guzman, and Evelyn F. De Guzman (collectively "Defendants") and alleged the following. (Compl. (#1-1) at 5). Plaintiff was the current title owner of property located at 5234 Ferrell Street, Las Vegas, Nevada. (*Id.*). Defendants "may claim an interest" in the property. (*Id.*). Plaintiff's agent acquired the property on October 11, 2012 by successfully bidding on the property at a publicly-held foreclosure auction pursuant to NRS § 116.3116 *et. seq.* (*Id.* at 6). The HOA foreclosure sale complied with all requirements of law. (*Id.* at 7). No party was claiming an interest in the property that had an encumbrance prior to the HOA lien. (*Id.*). Prior to the HOA foreclosure sale, no individual or entity had paid the super-priority HOA lien. (*Id.* at 8).

The complaint alleged two causes of action. (*Id.* at 10-12). In the first cause of action, Plaintiff alleged declaratory relief/quiet title pursuant to NRS §§ 30.010 and 116.3116 against all Defendants. (*Id.* at 10). In the second cause of action, Plaintiff alleged preliminary and permanent injunction against Defendants Wells Fargo and Trustee Corps from initiating or continuing any foreclosure proceedings. (*Id.* at 12).

The pending motions now follow.

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

## DISCUSSION

**I.    Trustee Corps' Motion to Dismiss (#6)**

Trustee Corps moves to dismiss both causes of action with prejudice for failure to state a claim. (Mot. to Dismiss (#6) at 2). Trustee Corps argues that Plaintiff's contention that its purchase of the HOA lien extinguished Wells Fargo's first deed of trust is unsupported by the law. (*Id.* at 3). Trustee Corps argues that the complaint must be dismissed with prejudice against it because it has not asserted any interest in the property. (*Id.*).

Plaintiff filed a response and Trustee Corps filed a reply. (Opp'n to Mot. to Dismiss (#14); Reply to Mot. to Dismiss (#15)).

As an initial matter, the Court notes that injunctive relief is a remedy and not an

independent ground for relief. *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). As such, the Court dismisses the second cause of action against all Defendants with prejudice.

Pursuant to NRS § 40.010, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." "A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property." *Kemberling v. Ocwen Loan Servicing*, LLC, 2:09-cv-00567-RCJ-LRL, 2009 WL 5039495, *2 (D. Nev. Dec. 15, 2009).

In this case, Trustee Corps asserts no interest in the property. Therefore, Plaintiff's cause of action for quiet title is dismissed against Trustee Corps with prejudice. The Court grants Trustee Corps' motion to dismiss (#6) in its entirety with prejudice.

**II.     Wells Fargo's Motion to Dismiss (#9); Wells Fargo's Motion to Expunge Lis Pendens (#10); and Wells Fargo's Request for Decision or Hearing (#19)**

Wells Fargo asserts that Plaintiff fails to state a claim because, under NRS § 116.3116(2)(b), its lien is superior to the assessment lien recorded by Treasures Landscape Maintenance Association. (Mot. to Dismiss (#9) at 6).

Plaintiff filed a response and Wells Fargo filed a reply. (Opp'n to Mot. to Dismiss (#14); Reply to Mot. to Dismiss (#17)).

In Nevada, HOAs have immediate liens against real property when HOA assessments or other costs against a unit become delinquent. *See* Nev. Rev. Stat. § 116.3116(1). Under Nevada law, a lien for delinquent HOA assessments is not prior to a "first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent," *id*. § 116.3116(2)(b), except:

> *to the extent* of any charges incurred by the association on a unit pursuant to NRS 116.310312 and *to the extent* of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . .

*Id*. § 116.3116(2)(c) (emphasis added).

6

In *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, __ F.Supp.2d __, 2:13-cv-00164-RCJ, 2013 WL 2460452 (D. Nev. June 6, 2013), this Court found that "a first mortgage recorded before HOA assessments become delinquent is senior to an HOA lien, except to the extent of nine months of regular HOA dues immediately preceding the action to enforce the HOA lien and any HOA fees and costs related to exterior maintenance of the unit at issue or the removal or abatement of a public nuisance related to the unit at issue." *Id*. at *3. This Court found that "the first mortgage rule prevents a prior-recorded first mortgage from being extinguished by foreclosure of an HOA lien that contains a super-priority amount." *Id*. This Court explained the following:

> Under this interpretation, an HOA lien arising before a first mortgage is recorded is senior to the first mortgage in all traditional respects, i.e., it survives a foreclosure of the first mortgage, and its own foreclosure extinguishes the first mortgage. But an HOA lien arising after a first mortgage is recorded operates unorthodoxly in relation to traditional liens. The super-priority amount is senior to an earlier-recorded first mortgage in the sense that it must be satisfied before a first mortgage upon its own foreclosure, but it is in parity with an earlier-recorded first mortgage with respect to extinguishment, i.e., the foreclosure of neither extinguishes the other.
>
> . . .
>
> [A]n HOA may of course foreclose its lien under the statutes so providing, but the first mortgagee's lien survives such a foreclosure, and the first mortgagee may later foreclose against the buyer at the HOA foreclosure sale if that buyer (or someone else) does not satisfy the first mortgage out of the proceeds of the HOA foreclosure sale or otherwise . . .

*Id*.

As noted above, to quiet title, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp*., 918 P.2d 314, 318 (Nev. 1996).

In this case, the record demonstrates that Wells Fargo's first recorded mortgage survived the HOA lien foreclosure sale and, as such, Plaintiff fails to state a claim for quiet title. The Court grants Wells Fargo's motion to dismiss (#9) both causes of action with prejudice. The Court *sua sponte* dismisses all remaining Defendants from this case because Plaintiff fails

7

to state a cause of action for quiet title.  As such, the Court grants Wells Fargo's motion to expunge lis pendens (#10).  The Court denies as moot Wells Fargo's motion for a decision or hearing on its motions (#19) in light of this order.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant MTC Financial Inc. dba Trustee Corps' Motion to Dismiss with Prejudice the Plaintiff's Complaint (#6) is GRANTED in its entirety with prejudice.

IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss with Prejudice the Plaintiff's Complaint (#9) is GRANTED in its entirety with prejudice.

IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Expunge Lis Pendens (#10) is GRANTED and the Notice of Lis Pendens is EXPUNGED.

IT IS FURTHER ORDERED that Wells Fargo Bank, N.A.'s Request for Decision or Hearing on Motion to Dismiss Complaint and Motion to Expunge Lis Pendens (#19) is DENIED as moot.

IT IS FURTHER ORDERED that this Court *sua sponte* DISMISSES all remaining Defendants in this case for failure to state a claim.  There are no remaining Defendants in this case.  The Clerk of the Court shall enter judgment accordingly.

Dated: This 19th day of November, 2013.

_____
United States District Judge